NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING CONSTRUCTION LABORERS DISTRICT COUNCIL AND ITS LOCAL UNIONS, AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA (LIUNA), <br><br> Petitioners, <br><br> v. <br><br> BRENCORP., INC., <br><br> Respondent. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No.: 12-6925 (DMC)(MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion by Petitioners New Jersey Building Construction Laborers' District Council and its Local Unions ("Petitioners" or "Laborers' Union") to confirm an arbitration award (Nov. 7, 2012 ECF No. 3) and Respondent Brencorp's ("Respondent" or "Brencorp") Cross Motion to vacate arbitration award (Jan. 8, 2013, ECF No. 8). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions, and based upon the following, it is the finding of the Court that Petitioner's Motion is **denied** and the Respondent's Cross Motion is **granted**.

I. **BACKGROUND**[1]

Brencorp entered into a collective bargaining agreement ("CBA") with the Laborers Union on July 27, 2004. Brencorp employed members of the Laborers Union on a project in New

---

[1] This section comes from parties' pleadings. (See ECF Nos. 3 and 8.)

1

Jersey that began later that year. The project was completed in 2005. On January 6, 2006, Brencorp sent a letter notifying the Laborers Union of a termination of its agreement with the Union. In 2007 and 2008, the Union sought to audit Brencorp's payroll. Each time Brencorp notified the Union that it was no longer party to the CBA. However, Brencorp did make its payroll files available to the Union for a processing fee. The Union did not carry out audits in either instance.

In 2012, Brencorp was retained to perform work in New Jersey. For this project, Brencorp employed members of Millwrights Union Local 715. On April 15, 2012, a member of the Laborers Union requested that Brencorp hire members of the Laborers Union. On July 5, 2012, an arbitrator notified Brencorp that arbitration with the Laborers Union was scheduled for July 27, 2012. On July 27, 2012 an arbitration hearing was held with Brencorp not being present. An Award and Order was issued in favor of the Laborers Union and against Brencorp.

## II.  STANDARD OF REVIEW

The court's standard of review of a labor arbitration award is narrow. Major League Umpires Ass'n v. American League of Professional Baseball Clubs, 357 F.3d 272 (3d Cir. 2002). Under the Federal Arbitration Act, a court may vacate an arbitration award if the "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The court's role in reviewing an arbitration award is not to correct factual or legal errors made by an arbitrator. Major League Umpires Ass'n, 357 F.3d at 279. The court is limited to assessing "whether the award draw[s] its essence from the collective bargaining agreement[,]" and may only vacate an arbitrator's award if it is entirely unsupported by the record or if it reflects a manifest disregard of the agreement. Exxon Shipping Co. v. Exxon Seamen's Union, 73 F.3d 1287, 1291 (3d Cir.

1996). Subject only to a standard of minimal rationality, an arbitrator's decision requires neither wisdom nor internal consistency. Id. The court must determine whether the arbitrator manifestly disregarded the terms of the agreement in making the arbitration award.

### III. DISCUSSION

The CBA signed by the parties does not include an explicit provision that directs either party when one party wishes to terminate the contract. The text of the CBA only includes reference to termination procedures after the specified termination date of April 30, 2007:

> In order for this Agreement to be terminated after the aforesaid termination date, the Employer shall give written notice at least thirty (30) days prior to April 30th of each succeeding year and, if said thirty (30) days notice is given, the Agreement shall terminate on April 30th of the year following the giving of such notice.

In 2006, Brencorp sent a letter to what they believed to be the address of the Laborers Union notifying the Union of Brencorp's desire to terminate the CBA. Brencorp also notified the Union in 2007 and 2008 of the fact that it believed it was no longer a party to the CBA. Brencorp argues this letter and subsequent communications was effective in terminating their relationship. The Union argues that the 2006 letter was never received; allegedly Brencorp sent it to the incorrect address. Thus the Union argues they did not receive notice and assumed the CBA was still in effect. Therefore, there is a question of whether or not Brencorp effectively manifested their intent to terminate the contract prior to the automatic termination date of April 30, 2007.

It is well-settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). Indeed, the Supreme Court has reiterated the rule that arbitrability is an issue for judicial determination, as follows:

> [T]he question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably

an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.

AT&T Techs. v. Communs. Workers of Am., 475 U.S. 643, 649 (1986). Here, it is unclear whether the parties were currently bound by the CBA. As the question of whether a contract exists is outside the jurisdiction of the arbitrator, this Court will not bind Brencorp to the arbirtator's award. The arbitrator's jurisdiction over the dispute is in question, and is only properly resolved by the courts. Thus, this Court grants the motion to vacate the arbitration award.

## IV. CONCLUSION

For the reasons stated, Petitioner's motion to confirm the arbitration award is **denied** and Respondent's cross-motion to vacate the arbitration award is **granted**. An appropriate order follows this opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:    June 25, 2013
Orig.:    Clerk
cc:    Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File